**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**
**CASE NO. 6:26-CR-60-1-REW-HAI**

**ELECTRONICALLY FILED**

UNITED STATES OF AMERICA, PLAINTIFF,

# DEFENDANT'S MOTION TO SUPPRESS ALL EVIDENCE SEIZED AS A RESULT OF THE FEBRUARY 25, 2026 CELLULAR TELEPHONE SEARCH WARRANT

VS.

TERRY WESTON ROGERS, DEFENDANT.

*******

Comes now Defendant Terry Weston Rogers, by and through the undersigned counsel, and hereby moves to suppress all evidence seized, and any fruits or derivative evidence thereof, from the search of his Samsung Model SM-S936U cellular telephone conducted pursuant to a search warrant signed by a state court judge on February 25, 2026. A copy of the search warrant affidavit is attached hereto as Exhibit "A." A copy of the resulting search warrant, together with its return, is attached hereto as Exhibit "B."

The evidence should be suppressed because the affidavit is overly broad, established no probable cause, and offered no reason, to believe that images would be evidence of the offense under investigation. The affidavit describes a two-minute telephone call constituting, at most, a Class B misdemeanor. It never mentions an image, a photograph, or a video. The warrant nonetheless authorized a complete forensic download of the phone and all of its data, including the seizure of images, and the images so seized are the entire basis of the Indictment.

Furthermore, the warrant is independently defective because it contains no temporal limitation. Its operative paragraph three times commands a search bounded by "the above date range" and "the above-listed dates," and no dates appear anywhere in either instrument. A warrant may be restricted by offense or by time. This one is restricted by neither. It is therefore facially deficient, it is not severable as to the images, and it cannot be saved by the good faith doctrine.

In the alternative, the forensic examination exceeded the scope of any authority the warrant conferred, and the antecedent warrantless seizure of the telephone was itself unlawful. The Defendant requests an evidentiary hearing for the taking of proof and an order suppressing all evidence derived from the search of the device. A tendered order accompanies this motion.

**BACKGROUND**

The Indictment charges that on or about February 25, 2026, in Pike County, in the Eastern District of Kentucky, the Defendant knowingly possessed matter containing visual depictions involving a prepubescent minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). DE 1. February 25, 2026 is the date the Defendant's cell phone was taken from him without a warrant by police.

The investigation began on February 10, 2026, when Pikeville Police Officer Amanda Moore received a harassing-communications complaint from Sara Gooch of Nolensville, Tennessee. Ms. Gooch reported a call from a blocked number at 2:20 a.m. lasting approximately two minutes, in which a male caller used her name, said his name was "Matthew," fell silent, and disconnected. Exhibit "A," p. 2. The calling number was independently matched to the Defendant by the Pikeville Police Department. Ms. Gooch only reported one call from the Defendant and the police were able to independently verify that the call was made from Terry Weston Rogers' cell phone prior to even interviewing the Defendant. That conduct constitutes, at most, harassing

communications under KRS 525.080, a Class B misdemeanor carrying a maximum term of ninety days. KRS 532.090(2).

Fifteen days later, at approximately 1:00 p.m. on February 25, 2026, Detective James Colby Hobson, Captain Chad Branham, and Officer Moore went to the Defendant's residence, a camper at RV Lot #9 of the Ramsey Mobile Home Park. Two of the three were uniformed. They had no search warrant and no arrest warrant. Upon making contact with the Defendant, no Miranda warnings were given. Shortly into the conversation, Captain Branham asked the Defendant what type of phone he had and directed him to retrieve it. After the Defendant showed Branham his phone, Branham seized it, and the police left. The Defendant was not arrested that day. The telephone was placed into a Faraday bag. The property receipt records the device as recovered at 1:54:43 p.m., under case number 202600001324, offense "harassing communications."

Officer Moore's Affidavit for Search Warrant was subscribed and sworn before Pike District Judge Robert F. Wright at 3:30 p.m. that same afternoon, and Judge Wright signed the Search Warrant the same day. Exhibit "A," p. 2; Exhibit "B," p. 2. Ninety-six minutes elapsed between the seizure of the telephone and the swearing of the affidavit. At 4:04 p.m. the warrant was delivered to the digital forensic analyst.

Importantly, the affidavit never tells Judge Wright that the Defendant's phone was already seized. Nothing on either page discloses the 1:54 p.m. warrantless seizure. The form instead recites that the affiant received the information "On February 25th, 2026 at approximately 2:30 p.m." – thirty-six minutes after the phone was taken.

Numbered paragraph 4 of the property description, which appears in identical terms on page 1 of the affidavit and page 1 of the warrant, authorizes seizure of:

> Information that can be used to calculate the position of the phone during the above date range, including location data; cell tower usage; GPS satellite

> data; GPS coordinates for routes and destination queries between the above-listed dates; "app" data or usage information and related location information; and images created, accessed or modified between the above-listed dates, together with their metadata and EXIF tags[.]
>
> Exhibit "A," p. 1; Exhibit "B," p. 1.

In spite of paragraph 4 referencing "… during the above date range, … between the above-listed dates; … between the above listed dates,…", nothing appearing above that paragraph in either instrument states any date range. In the affidavit, the form header, the affiant's identification, the description of the device, the two "N/A" entries, and numbered paragraphs 1 through 3 contain no single date or date range. The warrant's page 1 is identical in this respect. The only dates in either document appear on page 2 of the affidavit, beneath the property description — and on page 2 of the warrant in the form of the issuing judge's signature date and the officer's execution date, neither of which limits the scope of the search.

The forensic analyst completed the extraction on February 26, 2026. Finding the device's call logs for the relevant period missing, he moved to the media section of the extraction and opened a deleted-items file path containing browser screenshots, where he located the images that form the sole basis of the Indictment. Those images were created between 10:22 p.m. on February 22, 2026 and 1:07 p.m. on February 23, 2026 — twelve and thirteen days after the only conduct for which the affidavit established probable cause. No officer stopped the examination and no second warrant was sought for the image content of the device.

The return on the warrant, executed February 26, 2026, recites the seizure of a "Complete digital forensic download of the Samsung mobile device," itemized as 603,297 communication artifacts, 347,084 media artifacts, 317,161 web-related artifacts, 204,590 application usage artifacts, and further categories totaling approximately 1.56 million artifacts. Exhibit "B," p. 2. Everything that followed — a criminal complaint warrant, a warrant to search the Defendant's

residence yielding fifteen additional devices, his arrest, and two further device warrants on March 3, 2026 — issued within hours or days of that examination and rests upon it. No illegal images were found on any of the other devices seized.

**GROUNDS FOR SUPPRESSION**

1. The affidavit established no probable cause, and offered no reason, to believe that images would be evidence of the offense under investigation. It describes a two-minute telephone call and never mentions an image, a photograph, or a video. As in United States v. Hodson, the affiant "established probable cause to search for evidence of one crime . . . but designed and requested a search for evidence of an entirely different crime," and the affidavit "does not establish, allege, or even suggest any basis" for the search actually authorized, nor "any relational nexus" between the offense shown and the evidence sought. 543 F.3d 286, 292 (6th Cir. 2008). "An officer seeking a warrant must produce adequate supporting facts about the underlying circumstances to show that probable cause exists to support the particular search requested." Id. at 293.

2. The affidavit and resulting warrant were so broad that it violated the Fourth Amendment's particularity requirement. Particularity requires searches to be "as limited as possible" and not "a general, exploratory rummaging in a person's belongings." Collidge v New Hampshire, 403 U.S. 443, 467 (1971). "A search warrant must particularly describe the things to be seized, but the description, whose specificity [varies] with the circumstances of the case, will be 'valid if it is as specific as the circumstances and the nature of the activity under investigation permit.'" Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) (citing United States v. Henson, 848 F.2d 1374, 1383 (6th Cir. 1988)). Furthermore, this Court has held that a digital warrant must justify each category of data it reaches. United States v. Hamilton, No. 6:18-CR-57-REW-HAI, Doc. 289 at 9 (E.D. Ky. Aug. 30, 2019), 2019 WL 4455997 (affidavit "provided no justification for 'rummaging' through

Hamilton's private digital life to the extent authorized"; "[t]he target was Facebook Messenger, not Hamilton's entire account"). In the instant case, the subject warrant authorized a complete and unfettered exploration into Mr. Rogers' private digital life and served no legitimate investigatory purpose.

3. A warrant may be restricted by offense or by time. This one is restricted by neither. United States v. Ford, 184 F.3d 566 (6th Cir. 1999), supplies both rules — dates at 576, and the "subject-matter limitation" at 578. The Sixth Circuit has upheld cell phone warrants lacking temporal limits "when the warrant is limited to evidence of the crimes under investigation." United States v. Fordham, Nos. 24-2033/2041/2046, slip op. at 15 (6th Cir. July 22, 2026); see United States v. Bass, 785 F.3d 1043, 1049–50 (6th Cir. 2015); United States v. Castro, 881 F.3d 961, 965 (6th Cir. 2018).

The scope of the subject search was grossly disproportionate to the investigation. Probable cause of a ninety-day misdemeanor produced a "Complete digital forensic download" of approximately 1.56 million artifacts. See Riley v. California, 573 U.S. 373, 403 (2014). The subject warrant names no offense, no statute, and fails to mention harassing communications as a predicate. The crime under investigation was a two-minute telephone call. Child pornography was not the object of the warrant; it was the byproduct. The government cannot borrow the complexity of an offense it had no probable cause to investigate in order to justify the warrant that uncovered it. That would let every discovery retroactively license the search that produced it. An isolated harassing call is the antithesis of a crime provable only by assembling many fragments. It's provable by one call detail record.

4. The warrant is also facially invalid for want of any temporal limitation. "Failure to limit broad descriptive terms by relevant dates, when such dates are available to police, will render a

warrant overbroad." Ford, 184 F.3d at 576; United States v. Abboud, 438 F.3d 554, 576 (6th Cir. 2006). The relevant date of the call was not merely available to Officer Moore; it was the entire content of her probable cause showing.

5. The nexus defect is not curable by supplying dates. Images created, accessed, or modified on any date bear no relationship to a two-minute telephone call. Although an "infirmity due to overbreadth does not doom the entire warrant, the remedy is "to sever the offending phrase from the warrant, suppress any evidence collected under it, and admit the evidence collected under the valid portions that remain." United States v. Chandler, 571 F. Supp. 3d 836, 844 (E.D. Mich. 2021) (citing Castro, 881 F.3d at 965). Severed on this ground, paragraphs 1 through 3 of the property description survive and the image authorization in paragraph 4 falls, together with the evidence seized under it.

6. The printed checkbox on the AOC-335 affidavit is not a subject-matter limitation. This Court rejected that precise argument on that species of form language in United States v. Broughton, No. 2:24-cr-4-DLB-CJS, Doc. 53 at 11–12 (E.D. Ky. Nov. 25, 2024) (Smith, M.J.), adopted, Doc. 58 (E.D. Ky. Jan. 9, 2025) (Bunning, J.), holding that such language "does not limit the scope of the evidence to be searched or seized, but merely describes the evidence" and "cannot serve as any meaningful limitation upon the search."

7. The affidavit cannot cure the warrant, because the affidavit contains the identical unresolved cross-reference. Groh v. Ramirez, 540 U.S. 551, 557 (2004). Nor may the Court supply the missing limitation by implication. United States v. Abernathy, 843 F.3d 243, 249 (6th Cir. 2016).

8. The good faith exception does not apply. The applicable Leon exception is the third — a warrant "so lacking in indicia of probable cause" that official belief in its existence is unreasonable.

United States v. Leon, 468 U.S. 897, 923 (1984); Hodson, 543 F.3d at 292–93. A reasonably well trained officer looking at this warrant would have realized that the search described did not match the probable cause described. Id. at 293. Moreover, the affiant prepared the affidavit and the warrant, obtained it, executed it, and signed the return, and therefore "may not argue that [she] reasonably relied on the Magistrate's assurance." Groh v. Ramirez, 540 U.S. 551, 564 (2004), quoted in Hodson, 543 F.3d at 293. The defects are also substantive rather than clerical and apparent from a simple glance. United States v. Bateman, 945 F.3d 997, 1005 (6th Cir. 2019).

9. In the alternative, the forensic examination exceeded the scope of any authority the warrant conferred. United States v. Richards, 659 F.3d 527, 540 (6th Cir. 2011).

10. In the further alternative, the warrantless seizure of the telephone on February 25, 2026 was itself unlawful.

11. Suppression extends to all derivative evidence. Wong Sun v. United States, 371 U.S. 471 (1963); United States v. Galaviz, 645 F.3d 347, 354 (6th Cir. 2011).

12. Material facts are in dispute and the good faith showing requires proof beyond the four corners of the warrant. An evidentiary hearing is necessary.

13. The grounds set forth herein rest in substantial part on facts developed after the deadline for defensive motions. The Defendant respectfully requests that the Court reset that deadline pursuant to Federal Rule of Criminal Procedure 12(c)(2) or, in the alternative, find good cause under Rule 12(c)(3).

WHEREFORE, an order setting this matter for an evidentiary hearing and thereafter suppressing all evidence seized from the infirm warrant and all fruits or derivative evidence thereof is respectfully requested.

*/s/ Paul K. Croley, II*

Paul K. Croley, II, Esq.
LAW OFFICES OF CROLEY & FOLEY
201 West Short Street, Suite 600
Lexington, Kentucky 40507
Tel. (859) 367-0050
Counsel for Defendant, Terry Weston Rogers

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been electronically filed with the Clerk of the Court, and served upon all counsel of record on August 14th, 2026 by using the CM/ECF system.

Hon. Justin Blankenship
Assistant United States Attorney

*/s/ Paul K. Croley, II*
COUNSEL FOR DEFENDANT